823 F.2d 235
 8 Fed.R.Serv.3d 605
 Frank Edward ANDERSON Jr., and Emmet L. Linker, Appellees,
v.
Jerry ROBERTS, Individually, and in his official capacity as
an Arkansas State Trooper; Dennis Ford, Individually and in
his official capacity as a Pope County Deputy Sheriff;
James Bolin, Individually and in his official capacity as
Sheriff of Pope County; Unknown Pope County Deputy Sheriffs
individually and in their official capacities; Herbert
Johnston, individually and in his official capacity as the
Chief of Police of Russellville, Ark.; Unknown Russellville
City Police Officers, Individually and in their official
capacities; Dillard Bradley, Individually and in his
official capacity as a Pope County Deputy Sheriff; E.L.
Williams, Individually and in his official capacity as a
Russellville Police Officer, Appellants.
 No. 86-2186.
 United States Court of Appeals,
 Eighth Circuit.
Submitted April 14, 1987.
Decided July 9, 1987.
 
 Stephen Engstrom, Little Rock, Ark., for appellants.
 John Wesley Hall, Jr., Little Rock, Ark., for appellees.
 Before ROSS,* Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 Pope County Sheriff James Bolin appeals from an order denying his motion for summary judgment on the issue of qualified immunity in a 42 U.S.C. Sec. 1983 (1982) action brought by Frank Anderson and his grandfather, Emmet Linker. Anderson and Linker claim that several law enforcement officers, including two Pope County deputy sheriffs, used excessive force in arresting Anderson. The district court[1] held that under clearly established law, a supervisor may be liable for failing to adequately train his or her officers or for doing so in a grossly negligent manner. The court ruled that there was a genuine issue as to whether Sheriff Bolin had displayed deliberate indifference in training and supervising his officers, and thus summary judgment was inappropriate. Sheriff Bolin argues that his affidavits establish that the two officers in question had received sufficient training and that summary judgment should have been granted. We affirm the judgment of the district court.
 
 
 2
 We state the facts in the light most favorable to the non-moving party, as we must in reviewing a denial of a summary judgment motion. See Poolman v. Nelson, 802 F.2d 304, 306 (8th Cir.1986). On the night of August 24, 1983, Arkansas State Trooper Jerry Roberts attempted to pull Frank Anderson over while Anderson was driving his truck. Anderson did not stop but instead kept driving until he reached his home. When Anderson finally stopped, Trooper Roberts ran over and jerked him out of the truck. A Russellville police officer and Pope County Deputies Dennis Ford and Dillard Bradley arrived at Anderson's home at about the same time as Anderson and Roberts. Emmet Linker, Anderson's grandfather, ran from the house towards Anderson and Roberts. Deputy Ford held Anderson's arm while Trooper Roberts put his arm around Anderson's throat. The two then beat Anderson on his sides, armpits, and arms with their billy clubs. Linker told them that Anderson was crippled and begged them to stop. When Linker put his hand on Anderson's shoulder, Deputy Bradley grabbed Linker's arm, forced it behind his back and shoved him to the ground. Anderson was also thrown to the ground and his arms were handcuffed behind his back. He was kicked, then dragged to the police car and taken to the Pope County Detention Center. Both Anderson and Linker claim to have been injured in the altercation. They brought suit against the law enforcement officers involved in the incident as well as Russellville's Chief of Police and Sheriff Bolin. In their amended complaint, plaintiffs allege seven other incidents of unjustified beatings that had previously occurred in Pope County. They allege that Sheriff Bolin was responsible for the conduct of his deputies, that he knew of the propensity for violence of certain Pope County deputies and that he took no action to prevent or punish the deputies' use of excessive force.
 
 
 3
 The only issue on appeal is the district court's denial of Sheriff Bolin's motion for summary judgment based on qualified immunity. To support his motion, Sheriff Bolin filed a list of uncontested facts stating that he was not present at the incident, that he requires his deputies to receive the training necessary for certification, that both officers involved in the incident were certified, and that according to Pope County policy only reasonable and necessary force is used during an arrest. He attached an affidavit that listed the various training courses given to Deputies Ford and Bradley. In answer to the plaintiff's interrogatories, the Sheriff stated that the policy against excessive force is so basic it is not in writing and that the use of excessive force by any officer will not be condoned. His interrogatory answers further stated that the Pope County Detention Center Policy and Procedure Manual covers the use of physical force.
 
 
 4
 The Sheriff concedes that under clearly established law a supervisor may be liable for failing to adequately train his officers or for doing so in a grossly negligent manner. Appellant's Brief at 6.[2] Sheriff Bolin contends, however, that he properly supported his motion for summary judgment and that the district court erred in finding that his discovery responses raised a genuine issue of material fact as to whether he displayed deliberate indifference in training and supervising his officers.
 
 I.
 
 5
 Although a denial of summary judgment is usually not considered a final appealable order, there is an exception when the motion is made by a public official based on a claim of qualified immunity. In Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the Supreme Court emphasized that qualified immunity is not just a defense to liability; it entitles public officials to immunity from suit. The court reasoned that this right "is effectively lost if a case is erroneously permitted to go to trial." Id., 105 S.Ct. at 2816. Thus, the denial of summary judgment implicates a "clai[m] of right separable from, and collateral to, rights asserted in the action," Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), and is therefore an appealable interlocutory decision. Mitchell, 105 S.Ct. at 2816; Wright v. South Ark. Regional Health Centers, Inc., 800 F.2d 199, 202-03 (8th Cir.1986); Tubbesing v. Arnold, 742 F.2d 401, 403-05 (8th Cir.1984).
 
 
 6
 Although Mitchell involved an analysis of whether the allegedly violated law was clearly established, we have recently held that it is also appropriate for an appellate court, in cases where there is no question that the law is clearly established, to ascertain whether there is any genuine issue of material fact as to whether the defendant's actions violated that law. See Wright, 800 F.2d at 203. In Wright, there was no question that the law clearly established certain constitutional rights. Instead, the question was "whether there [was] any substantial evidence that what [the public official] concededly did in fact violated those rights." Id.; see also Mitchell, 105 S.Ct. at 2816 ("[e]ven if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts"). Likewise, in the present case there is no question that a supervisor is liable for failing to adequately train his officers or for doing so in a grossly negligent manner. Instead, the question before us is whether there is sufficient evidence to support the plaintiffs' claim that Sheriff Bolin engaged in any conduct in violation of that clearly established law. The inquiry still involves an issue of law. Our review avoids directly examining the merits by giving the plaintiff the benefit of all inferences to be drawn from the facts, and it serves the purpose enunciated in Mitchell by relieving officials of the burden of defending themselves against insubstantial claims. Wright, 800 F.2d at 203. Thus, we conclude that we have jurisdiction to determine whether the Sheriff has met his burden of showing that there is no material issue that would allow a jury to find in favor of Anderson and Linker.
 
 II.
 
 7
 In their complaint, the plaintiffs allege that their injuries were caused in part by the Pope County Deputies' use of excessive force. They further allege that Sheriff Bolin is liable for these injuries because he breached his duty to adequately supervise and instruct the conduct of his deputies. Plaintiffs' Amended Complaint paragraphs 38, 39. To be entitled to summary judgment, Sheriff Bolin was required to show, by admissible evidence, the absence of a genuine issue of material fact. Only after he met that initial burden did the burden shift to Anderson to come forward with controverting evidence showing that a disputed issue of fact existed for trial. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Foster v. Johns-Mansville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986); Brown v. Trans World Airlines, Inc., 746 F.2d 1354, 1358-59 (8th Cir.1984).
 
 
 8
 Sheriff Bolin's affidavit listed the training received by the two officers in question,[3] and his list of uncontested facts stated that Pope County's policy against the use of unreasonable force is set out in the Pope County Detention Center Policy and Procedure Manual. The training records of the two Pope County Sheriff's officers include certification in basic law enforcement standards. The most recent basic police training for Deputy Ford took place on August 6, 1982 at the Arkansas Law Enforcement Training Academy. Deputy Bradley's most recent training in law enforcement standards was on February 19, 1982. The Sheriff's affidavit also states that he is "personally familiar with the certification training received by [his] officers and [he avers] that [his] officers are trained to arrest on probable cause and observe all elements of due process to the best of their ability, including refraining from the use of excessive force except where reasonably necessary to defend themselves or other persons."[4] D.R. at 67.
 
 
 9
 Showing that the officers were certified, however, is not sufficient to shift the burden to the plaintiffs to show a genuine issue for trial. The complaint alleges that Sheriff Bolin breached his duty to adequately supervise and instruct the conduct of his deputies. It is clear that regardless of the officers' initial training on the use of excessive force, Sheriff Bolin could nonetheless be liable for breach of duty if, once his officers were certified, he showed deliberate indifference in his supervision and control of their actions. The Sheriff's summary judgment motion and supporting affidavit are silent with regard to such supervision. Only when a motion for summary judgment is "properly supported" does the plaintiff have to produce evidence in order to defeat it. Cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Since Sheriff Bolin did not satisfy his burden of showing the absence of a genuine issue of material fact, the plaintiffs did not have to produce opposing evidence on the issue of adequate supervision. See Foster, 787 F.2d at 393.
 
 
 10
 Nonetheless, the plaintiffs' response to the Sheriff's summary judgment motion highlighted genuine issues of material fact based upon Sheriff Bolin's discovery responses.[5] In their interrogatories the plaintiffs asked for a detailed description of any policy that exists within the Pope County Sheriff's Department regarding the use of excessive force. The Sheriff answered that the policy is so basic that it is not in writing and that it is a basic principle adhered to by all Pope County Sheriff's officers. The Sheriff also answered that provisions implementing this can be found in the Pope County Detention Center Policy and Procedure Manual. The Sheriff, however, stated in his interrogatory answers that law enforcement and detention are separate departments. There is no indication that the manual applies to or is read by non-detention center personnel. The manual refers to the policy on the use of physical force only as it relates to the detention center staff and simply outlines the procedure to be used in regaining control of an inmate. D.R. at 70.
 
 
 11
 We do not believe the district court erred in concluding that the plaintiffs have presented evidence from which a jury might return a verdict in their favor. See Anderson, 106 S.Ct. at 2514. Thus, Sheriff Bolin is not entitled to summary judgment on the basis of qualified immunity. In holding that summary judgment is inappropriate, we emphasize that we are expressing no opinion as to the ultimate merits of the plaintiff's claim.
 
 
 
 *
 The Honorable Donald R. Ross was United States Circuit Judge of the Eighth Circuit at the time this case was submitted. He took Senior status on June 15, 1987, before the opinion was filed
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The parties and the district court cite Herrera v. Valentine, 653 F.2d 1220 (8th Cir.1981) as clearly establishing that supervisors may be held liable for failing to train or supervise subordinates. Herrera held a city directly liable for failure to properly hire, train, retrain, supervise, discipline, and control its police officers. Id. at 1224-25. More on point factually, Pearl v. Dobbs, 649 F.2d 608 (8th Cir.1981) (per curiam), stated in dicta that a supervisor could be held individually liable for failure to "properly train, supervise, direct or control the actions of a subordinate" who causes the plaintiff's injuries. See id. at 609 (citing cases)
 
 
 [3]
 Sheriff Bolin's affidavit gives the following training records for the two deputy sheriffs:
 Dennis Ford: 1/1/78, Basic Certification from the Arkansas Commission on Law Enforcement Standards; 5/24/78, Arkansas Criminal Justice Network Certification; 9/26/78, Arson Investigation Certification from Southwest Technological Institute; 2/22/79, Law Enforcement Officers Training School Certification in cooperation with the F.B.I.; 10/19/79, Basic Firearms Certification from the Commission on Law Enforcement Standards; 10/29/80, Hazardous Materials Course, Arkansas State Police; 6/2/82, Rescue I Course, Arkansas Fire Training Academy; 8/6/82, Basic Police Training, Arkansas Law Enforcement Training Academy (A.L.E.T.A.); 9/27/82, Civil Process Course A.L.E.T.A.; 5/15/83, Emergency Vehicle Operator's Course, National Highway Traffic Safety Administration.
 Dillard Bradley: 3/1/74 Introduction to Law Enforcement, A.L.E.T.A.; 3/29/74, Basic Police Training, A.L.E.T.A.; 5/23/75, Advanced Accident Investigation, A.L.E.T.A.; 1/1/78, Basic Certification, Arkansas Law Enforcement Standards and Training; 5/16/80, Telecommunications, Arkansas Crime Information Center; 11/23/81, Civil Process Course, A.L.E.T.A.; 1/20/82, Basic Certification, Law Enforcement Standards and Training; 2/19/82, General Certification, Law Enforcement Standards and Training; 5/15/83, Emergency Vehicle Operator's Course, National Highway Traffic Safety Administration.
 Designated Record at 67-68.
 
 
 [4]
 We assume that Sheriff Bolin did not intend to state that "excessive force" is ever reasonable, but instead that additional force is sometimes necessary in certain circumstances
 
 
 [5]
 The party opposing a summary judgment motion must file "a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." E.D. & W.D. Ark.R. 29(1). The plaintiffs' response did not include such a statement. Sheriff Bolin contends that this "shuts the door on the plaintiffs' case." Appellant's Brief at 9. We defer, however, to the district court's application of its own rule. See Wright, 800 F.2d at 203 n. 3. Here, the district court did not deem the plaintiffs' lack of compliance to be dispositive