Albert Lee **WALKER**; Judith Walker; William J. Walker; Laura Christine Walker; Tonya Faye Walker; and Tanya Renee Walker, by their Mother and Next Friend, Judith Walker, Appellees,

v.

**WAYNE COUNTY, IOWA, and Roger Martin, Appellants.**

No. 86–2331.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1987.

Decided June 27, 1988.

Rehearing and Rehearing En Banc Denied Aug. 12, 1988.

---

Carlton G. Salmons, Des Moines, Iowa, for appellants.

Thomas J. Levis, Des Moines, Iowa, for appellees.

Before FAGG, Circuit Judge, TIMBERS,[*] Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FAGG, Circuit Judge.

After observing Albert Lee Walker's reckless driving and intoxicated condition, Wayne County Deputy Sheriff Roger Martin attempted to arrest Walker. A struggle occurred during which Martin shot and wounded Walker. Walker and his family (the Walkers) then sued Martin and Wayne County, Iowa, for damages under 42 U.S.C. § 1983. In response, the defendants filed a motion for summary judgment in which they asserted, among other grounds for relief, that qualified immunity protected

Martin from suit. After a hearing, the district court denied the defendants' motion in a brief order.

The defendants appealed only the denial of Martin's claim to qualified immunity. We remanded to the district court to identify the genuine issues of material fact that barred summary judgment based on qualified immunity. *See Anderson v. Roberts,* 823 F.2d 235, 237–38 (8th Cir.1987). The district court issued a supplemental order, and on review, we affirm the denial of the defendants' motion.

To support their summary judgment motion in the district court, the defendants filed evidentiary materials, including several sworn affidavits that recited the events leading up to the shooting and an Iowa Division of Criminal Investigation Report (DCI report) on the shooting incident. In one of the affidavits, Martin stated he feared for his safety after Walker, intoxicated and belligerent, threatened Martin's life several times, resisted arrest, and struggled physically with Martin. Martin indicated that just before the shooting occurred Walker had charged at Martin screaming, "I'm going to kill you." Martin further stated that Walker had refused to heed his commands to halt. The Walkers did not file any evidence in response to the defendants' summary judgment motion.

In its supplemental order, the district court referred to the DCI report and indicated that summaries of police interviews with Walker and his wife raised several genuine issues of material fact. Specifically, the court stated that the Walkers' interviews raised factual questions of whether Walker was belligerent and threatened Martin's life and whether, under the circumstances presented, shooting Walker constituted excessive force. Therefore, the court denied the motion.

■ When ruling on a summary judgment motion, the district court may consider only the portion of the submitted materials that is admissible or useable at trial. *See Anderson,* 823 F.2d at 238; *Aguilera*

* The HONORABLE WILLIAM H. TIMBERS, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

*v. Cook County Police & Corrections Merit Bd.*, 760 F.2d 844, 849 (7th Cir.), *cert. denied*, 474 U.S. 907, 106 S.Ct. 237, 88 L.Ed.2d 238 (1985). Thus, without a showing of admissibility, a party may not rely on hearsay evidence to support or oppose the motion. *See Pink Supply Corp. v. Hiebert, Inc.*, 788 F.2d 1313, 1319 (8th Cir. 1986); *see also Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir.1987). Nevertheless, if a party fails to challenge hearsay evidence submitted to the court, the court does not commit error in considering such evidence. *See Dautremont v. Broadlawns Hosp.*, 827 F.2d 291, 294–95 (8th Cir.1987); *Williamson v. United States Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir.1987).

Here, the district court relied on police interviews with Walker and his wife to conclude there were disputed issues of material fact in this case. The interviews were not reported verbatim, and any statements by the Walkers were unsworn. When viewed in the context of the DCI report, the Walkers' interviews constitute inadmissible double hearsay. *See John McShain, Inc. v. Cessna Aircraft Co.*, 563 F.2d 632, 636 (3d Cir.1977) (per curiam) (statements made by third persons and noted in an investigation report will generally not be admissible); Fed.R.Evid. 803(6) comment (bystander's statements in police report are inadmissible); *see also Grogg v. Missouri Pac. R.R.*, 841 F.2d 210, 214 (8th Cir.1988); *Ramrattan v. Burger King Corp.*, 656 F.Supp. 522, 529–30 (D.Md. 1987).

The defendants might have been entitled to summary judgment if only the sworn affidavits were involved. The defendants, however, also submitted the DCI report, and we agree with the district court that the hearsay statements in the report generate genuine issues of fact. The real issue is whether the district court committed reversible error by relying on inadmissible double hearsay to deny the defendants' motion. We conclude the district court's actions were proper.

First, although the DCI report contained inadmissible double hearsay, the report was submitted by the defendants without reservation of any part. Consequently, the defendants cannot complain because the district court considered the contents of that report. *See Dautremont*, 827 F.2d at 294–95; *see also Eguia v. Tompkins*, 756 F.2d 1130, 1136 (5th Cir.1985). Second, the district court's reliance on inadmissible double hearsay was not misplaced here. The Walkers have personal knowledge of the events leading to the shooting, and clearly, their version of those events will be admissible at trial through the Walkers' personal testimony. *See Pink Supply Corp.*, 788 F.2d at 1319; Fed.R.Evid. 602. As a result, the district court's refusal to grant the defendants' motion did not merely delay the inevitable denial of the Walkers' claim. Under these circumstances, the defendants were not prejudiced by the district court's consideration of inadmissible evidence contained in the DCI report at the summary judgment stage of the proceedings.

Accordingly, we affirm the denial of summary judgment and remand to the district court for further proceedings.