**Randy Karl GOMETZ, Appellee,**

v.

**Wilson E. CULWELL, Appellant.**

**No. 87–2036.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 17, 1988.

Decided July 5, 1988.

Dwight G. Rabuse, Justice Dept., Washington, D.C., for appellant.

William J. Bruin, Jr., Clayton, Mo., for appellee.

Before McMILLIAN, BOWMAN and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Wilson E. Culwell, a Deputy United States Marshal, appeals from the district court's order denying his motion for summary judgment based on qualified immunity. Deputy Culwell was named as a defendant in a lawsuit filed under 42 U.S.C. § 1985(2) by Randy Karl Gometz. Gometz alleges that Deputy Culwell conspired with prison officials to retaliate against him for testifying at a criminal trial. Deputy Culwell argues that there is no credible evidence to support Gometz's conspiracy claim and that his motion for summary judgment should have been granted. We agree and reverse the judgment of the district court.

## I.

Randy Karl Gometz is an inmate in the United States Penitentiary at Marion, Illinois (USP–Marion). On April 25, 1984, he was transported, with five other inmates, to federal court in St. Louis, Missouri, to testify as a defense witness in the trial of two other USP–Marion inmates who were charged with escape. Deputy Culwell was assigned to provide security in the holding cell area and in the courtroom in St. Louis, along with two other deputy United States marshals. There was an altercation in the holding cell between Deputy Culwell and Gometz. When Gometz returned to USP–Marion there was an incident between Gometz and the prison guards and Gometz was beaten. He filed a complaint on July 30, 1984.[1]

Gometz alleges that Deputy Culwell violated his first and eighth amendment rights by conspiring with Marion prison guards to prevent and then punish him for testifying. Specifically, Gometz claims Deputy Culwell tried to intimidate him by saying "Didn't you get our message?" Plaintiff's deposition at 3, 5, 7. He says Culwell punched him in the stomach and pushed him against the wall in the holding cell, plaintiff's deposition at 17, and threatened to harm him, saying "I'm going to make sure he gets his" to another marshal. Plaintiff's deposition at 22–23. Gometz says he was not intimidated by these comments. Plaintiff's deposition at 10. Upon returning to USP–Marion Gometz says he was attacked by a number of guards and believes that the attack was pursuant to a request from Deputy Culwell. Gometz concedes, however, that he refused to submit to a rectal examination upon his return to the institution and this precipitated the altercation.

Deputy Culwell's motion for summary judgment argued that his conduct did not rise to the level of constitutional violation and even if it did, he is entitled to qualified immunity. He also maintained that Gometz produced insufficient evidence that he conspired with Marion guards to have Gometz assaulted. The district court denied the motion for summary judgment on the conspiracy claim.[2] The court held that material facts still remained at issue and that Gometz's allegations, if true, suggested

1. Gometz, in his pro se complaint, alleged that an "unknown U.S. Marshal" threatened and hit him and that he was assaulted by club-wielding prison guards at Marion pursuant to a request from the unknown U.S. marshal. He sought money damages from the unknown U.S. marshal for the alleged violation of his constitutional rights under the theory of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In March 1985, an attorney was appointed for Gometz. Subsequently the complaint was amended, adding a 42 U.S.C. § 1985(2) conspiracy claim against the unknown U.S. marshal. Gometz amended his complaint in February 1986 naming Deputy U.S. Marshal Wilson E. Culwell as the defendant. Lastly, in December 1986, Gometz's complaint was amended to add pendent state law claims of assault and battery.

2. The district court granted the motion on the pendent state claims for common law assault and battery.

conduct not protected by qualified immunity.

## II.

■ Under 28 U.S.C. § 1291, courts of appeals have jurisdiction to hear appeals only from "final decisions" of the district courts. *Wright v. South Ark. Regional Health Center, Inc.*, 800 F.d 199 (8th Cir. 1986). Generally, a denial of summary judgment is not considered a final decision. *Anderson v. Roberts*, 823 F.2d 235, 237 (8th Cir.1987).

■ There is, however, an exception when the motion is made by a public official on the basis of qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Anderson*, 823 F.2d at 237. The Supreme Court has said that qualified immunity is an immunity from suit, not merely a defense to liability. *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815. It is a claim of right, separable from the claim on the merits. *See id.* at 528–29, 105 S.Ct. at 2816–17; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). The Supreme Court concluded "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291, notwithstanding the absence of a final judgment" *Mitchell*, 472 U.S. at 530, 105 S.Ct. at 2817; *Drake v. Scott*, 812 F.2d 395, 397 (8th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); *Craft v. Wipf*, 810 F.2d 170, 171 (8th Cir.1987) (per curiam).

In *Mitchell*, the issue was whether the law allegedly violated was clearly established. *Anderson*, 823 F.2d at 237. This court recently held that, in reviewing a denial of summary judgment, it is proper in cases where the law is clearly established, to determine whether there is any genuine issue of material fact as to whether the defendant's conduct violated that law. *See Wright*, 800 F.2d at 203. In the present case, there is no question that an official may not conspire with others to violate another's constitutional rights. The ques-

tion is whether there is sufficient evidence to support Gometz's claim that Deputy Culwell conspired with USP–Marion officials to violate his rights under the first and eighth amendments.

## III.

Gometz offers as evidence of the conspiracy the alleged statement of Deputy Culwell that Culwell was going to make sure Gometz "got his" and the altercation upon his return to USP–Marion. He then "ties the two together," plaintiff's deposition at 25–26, and alleges a conspiracy. Gometz concedes he never saw Deputy Culwell speak to any guards at Marion and he does not know of anyone who heard Culwell tell Marion guards to beat him. Plaintiff's deposition at 26–27. This evidence, evaluated in conjunction with all reasonable inferences which can be drawn from the other facts presented, demonstrates the lack of a genuine issue of material fact.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). A "genuine issue" implies that a reasonable jury could return a verdict for the nonmoving party; a "material fact" is determined by the substantive law. *Id.*

■ Rule 56(c) "mandates the entry of summary judgment," when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477

U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed. 2d 265 (1986). "[B]are allegations of certain statements by a defendant without any other proof of a conspiracy, are insufficient to sustain a conspiracy claim." *Holdeman v. Consolidated Rail Corp.*, 649 F.Supp. 1188, 1196 (N.D.Ind.1986), *aff'd*, 840 F.2d 20 (7th Cir.1988); *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir.1985). The principal elements of conspiracy are "an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Mizokami Bros., Inc. v. Mobay Chemical Corp.*, 660 F.2d 712, 718 n. 8 (8th Cir.1981). A plaintiff must allege with "sufficient particularity" and demonstrate with "specific material facts" that the parties reached some agreement and conspired together to deprive plaintiff of a federal right. *Chicarelli v. Plymouth Garden Apartments*, 551 F.Supp. 532, 539 (E.D.Pa. 1982).

■ Here, even after extensive discovery, Gometz has produced insufficient evidence of any agreement between Deputy Culwell and USP–Marion officials to retaliate against Gometz. The evidence adduced by Gometz—the statement allegedly made by Deputy Culwell and the altercation at USP–Marion—is simply not sufficient for a reasonable jury to return a verdict for Gometz. Because the evidence adduced is insufficient to demonstrate a genuine issue of material fact, summary judgment is proper. The judgment of the district court is reversed and the cause is remanded with directions to dismiss the complaint with prejudice.