# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4125

_____

| | | |
|---|---|---|
| Kevin Caffey, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Flippo Motors, Inc.; Gary Smith, | * | |
| Individually and in his official | * | |
| capacity as an Agent of the Forrest | * | |
| City Police Department and the Lee | * | |
| County Police Department, | * | |
| | * | |
| Defendants, | * | Appeal from the United States |
| | * | District Court for the |
| Dwight Duch, Individually and in his | * | Eastern District of Arkansas. |
| official capacity as a Forrest City | * | |
| Police Officer, | * | [UNPUBLISHED] |
| | * | |
| Appellant, | * | |
| | * | |
| T. C. Holmes, Individually and in his | * | |
| official capacity as a Deputy of the | * | |
| Lee County Sheriff's Department; | * | |
| City of Forrest City, Arkansas; Lee | * | |
| County, Arkansas, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: December 18, 1998
Filed: December 28, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Dwight Duch, a Forrest City, Arkansas police officer, brings this interlocutory appeal from the district court's denial of summary judgment, on the grounds of qualified immunity, in Kevin Caffey's lawsuit against him, brought under 42 U.S.C. §§ 1985(3), 1986. Caffey alleged that after he complained about racial discrimination by his former employer Flippo Motors, its manager Gary Smith conspired with Duch and Lee County Sheriff's Deputy T.C. Holmes to intimidate him from pursuing his discrimination claim. Caffey claimed that in furtherance of the conspiracy, the officers investigated Caffey regarding thefts from Flippo Motors. The district court denied Duch's motion for summary judgment based on qualified immunity, but granted Duch's motion to stay the trial as to Duch. After the close of Caffey's case at the trial of the remaining defendants, the district court granted them judgment as a matter of law.

With respect to Caffey's section 1983 claim, assuming Caffey identified a clearly established federal right, see, e.g., Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1428 (8th Cir. 1986) (officials may not take retaliatory action against individual to intimidate or chill exercise of right of access to courts), we conclude Caffey failed to raise genuine issues of material fact regarding whether a reasonable officer would have known the investigation violated any right, cf. Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982) (official not entitled to qualified immunity when a

reasonable official would have known that conduct violated plaintiff's clearly established federal right). In support of his motion, Duch provided unrebutted evidence that he commenced an investigation on his chief's order following Smith's complaint of missing property he believed may have been stolen by employees, and that witnesses interviewed told Duch of instances when Caffey had taken property from Flippo Motors and disposed of it without authorization. In response, Caffey merely pointed to testimony given in Caffey's criminal trial, none of which tended to support an inference that Duch was involved in a conspiracy. See Marti v. City of Maplewood, 57 F.3d 680, 685 (8th Cir. 1995) (party failed to point to facts suggesting alleged conspirators reached an understanding to violate party's civil rights); Gometz v. Culwell, 850 F.2d 461, 463-64 (8th Cir. 1988) (plaintiff must produce sufficient evidence to demonstrate, with all reasonable inferences, that defendants reached agreement and conspired). With respect to Caffey's section 1986 claim, we conclude Caffey likewise failed to offer evidence that Duch knew of any conspiracy. See Brandon v. Lotter, 157 F.3d 537, 539 (8th Cir. 1998) (stating actual knowledge one element of § 1986 claim).

The order denying Duch summary judgment is reversed, and the case is remanded to the district court with instructions to grant summary judgment in his favor.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.