SMITH, Circuit Judge,
dissenting.
I respectfully dissent. Arkansas’s election scheme requires independent candidates to file for candidacy at the same time political parties are required to file to be included in the general election. Ark. Code Ann. § 7-7-103(a)(l). Because the party-filing deadline shifts at the discretion of the General Assembly, the independent-candidate filing deadline shifts accordingly. For example, in 2014, this filing date was March 3, 2014 — 246 days before the general election. In 2016, this filing date was November 9, 2015 — 365 days before the general election. In McLain, we were troubled by a third-party filing deadline “more than 200 days before the November election.” 851 F.2d at 1049. The deadline here — 246 to 365 days- before the general election — is even more troubling.
“The Constitution requires that the access requirements as to both party-backed and independent candidates be reasonable.” McLain v. Meier, 637 F.2d 1159, 1165 (8th Cir. 1980). Restrictions on ballot access “may not go beyond what the state’s compelling interests actually require,” id. at 1163, and must be “narrowly drawn to serve [that] compelling state interest,” Jaeger, 659 F.3d at 693 (quoting McLain, 851 F.2d at 1049). The Arkansas independent-candidate filing deadline fails to meet these constitutional standards — it is neither actually required nor narrowly drawn.
Secretary Martin contends that this filing deadline is “actually required” because his office gets overwhelmed with the number of petitions for nonpartisan candidates and ballot initiatives. Yet, the nonpartisan petitions are certified in February, and the ballot initiatives are not due until July. Five months for certifying independent candidates is a substantial time period. The record reflects that no more than two independent candidates ran for state-wide office in Arkansas per election cycle in recent years. Using the former May 1 deadline, Secretary Martin would have two full months to process at most 20,000 signatures for independent candidates.[11] See Ark. Code Ann. § 7-7-103(b)(l). Because the record does not demonstrate a legitimate conflict in the months of May and June for processing independent-candidate filings and other petitions, Secretary Martin has not shown that such an early filing deadline is actually required.
Additionally, Secretary Martin has not demonstrated how attaching the independent-candidate filing deadline to the party-filing deadline is “narrowly drawn.” See Jaeger, 659 F.3d at 693. In Council of Alternative Political Parties v. Hooks, the Third Circuit rejected a less-restrictive scheme in New Jersey that required third-party and independent candidates to file candidacy petitions in early April — the same day as the party-affiliated candidates. 121 F.3d 876, 879 (3d Cir. 1997). Alternative candidates had to file up to 800 signatures seven months before the general election. Id. at 878-79. In balancing the interests, the court determined that “requiring [independent candidates] to file their nominating petitions at the same early date as Democratic and Republican candidates” was unjustified. Id. at 881. “Requiring party candidates to comply with a March filing deadline permits a ‘reasonable time for processing the documents *1030 submitted by candidates and preparing the ballot’ for a June primary.... [But] ‘[n]either the administrative justification nor the benefit of an early filing deadline is applicable to an independent candidate.’” Wood v. Meadows, 207 F.3d 708, 711 (4th Cir. 2000) (citations omitted) (quoting Anderson, 460 U.S. at 800, 103 S.Ct. 1564). “[Although such laws appear to treat independent and party candidates similarly, they actually disadvantage independent candidates.” Id. Secretary Martin presents no justification for statutorily attaching the independent-candidate filing deadline to that of the political parties. Thus, this connection fails to be “narrowly drawn.”
The majority holds that we must remand because there is insufficient evidence regarding Secretary Martin’s inability to process independent-candidate petitions concurrently with the ballot initiatives. On summary judgment, however, if the non-moving party fails to make a sufficient showing of an element of his case that he has the burden of proving, then the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Secretary Martin had the burden of proving a genuine conflict existed between the processing of independent-candidate petitions and petitions for ballot initiatives. Because no evidence exists on the record that such an early deadline is necessary to process the independent-candidate petitions, Moore is entitled to judgment as a matter of law. See Gometz v. Culwell, 850 F.2d 461, 464 (8th Cir. 1988).
I respectfully dissent.

. The evidence on the record suggests that Secretary Martin’s office is more than capable of handling such a task. In 2014, Secretary Martin processed 92 nonpartisan candidate petitions, containing 103,578 signatures, before the end of February. Further, Arkansas ballot initiatives must be processed within a period of 30 days, and these petitions can include up to 70,000 signatures.