# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1636
_____

Derrick A. Davis

*Plaintiff - Appellant*

v.

City of Little Rock, a municipality; Kenton Buckner, individually and in his official capacity; Robert Bell, individually; Zachary Hardman, individually; Mark Ison, individually

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 26, 2024
Filed: December 3, 2024
_____

Before BENTON, ARNOLD, and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Little Rock police executed a no-knock warrant on Derrick A. Davis's residence. He sued the City, the chief of police, and three detectives for Fourth

Amendment violations under 42 U.S.C. § 1983. The district court[1] granted defendants' motions for summary judgment. Davis appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Robert E. Bell, Jr., Mark Ison, and Zachary Hardman were detectives in the City's narcotics unit. In July 2017, Chief of Police Kenton Buckner received an email about drug activity at a townhome. After talking with neighbors, Detective Bell identified Davis as the occupant. He arranged a controlled buy using a confidential informant. Before the buy, Detective Bell searched the CI. After the buy, the CI gave Detective Bell a small bag of cocaine. The CI told Detective Bell that a male at Davis's door had sold the cocaine.

Detective Bell prepared a search-warrant affidavit recounting the email, his conversations with the neighbors, and the controlled buy. He requested permission for no-knock entry based on his experience that it "would greatly reduce the risk to and increase the safety of the executing officers and occupants." The state court issued the no-knock search warrant.

Detectives Bell and Ison met with members of the SWAT team. Detonating a flash-bang grenade at the door, the SWAT team executed the warrant. Inside, they found marijuana.

II.

Davis claims that the district court erred in granting summary judgment. "This court reviews de novo a grant of summary judgment." ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Summary judgment is

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a)**. "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Torgerson*, 643 F.3d at 1042, *quoting Ricci v. DeStefano*, 129 S.Ct. 2658, 2677 (2009), *quoting Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This court does "not accept unreasonable inferences or sheer speculation as fact." *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir. 2004).

A.

Davis contends there is a genuine dispute of material fact whether Detectives Bell and Ison were responsible for the SWAT team's execution of the no-knock warrant. "A public official is entitled to qualified immunity unless (1) the official violated a statutory or constitutional right and (2) the right was clearly established at the time of the challenged conduct." *Adams v. City of Cedar Rapids*, 74 F.4th 935, 938 (8th Cir. 2023), *quoting Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011), *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal quotation marks omitted).

This court need not determine whether the detectives violated Davis's rights because the alleged right was not clearly established at the time of the challenged conduct. *See, e.g., Z.J. by & through Jones v. Kansas City Bd. of Police Commissioners*, 931 F.3d 672, 687 (8th Cir. 2019) (avoiding the unnecessary question whether the detectives' decision to use the SWAT team to execute a warrant violated the Fourth Amendment because the law was not clearly established). In *Z.J.*, this court held as of 2010, it was not clearly established that "using a SWAT team to execute a search warrant," without reason to believe a SWAT team was necessary, violated the Constitution. *Z.J.*, 931 F.3d at 688 ("[Plaintiff] pointed to no cases in this circuit, or a consensus of cases from other circuits, that would have put the detectives on notice . . . ."); *id.* at 692 (Gruender, J., concurring in part and

-3-

dissenting in part) (agreeing that "authorizing the SWAT team did not violate clearly established law").

Davis does not identify any law clearly establishing that as of September 2017, it was unreasonable to execute a no-knock warrant using a SWAT team. Detectives Bell and Ison are entitled to qualified immunity as to the execution of the no-knock warrant.

B.

Davis argues there is a genuine dispute of material fact whether Detective Bell made misrepresentations in the warrant affidavit by stating: dynamic no-knock entries reduce risk and increase safety; the CI was reliable; and Detective Bell searched the CI for hidden money or drugs. The veracity of these statements is material only as it impacts the warrant's constitutionality. *See generally **Franks v. Delaware***, 438 U.S. 154, 164–165 (1978). "To prevail on a *Franks* claim [a party] must show: (1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit; and (2) that the affidavit's remaining content is insufficient to establish probable cause." ***United States v. Reinholz***, 245 F.3d 765, 774 (8th Cir. 2001), *discussing **Franks***, 438 U.S. at 171. A statement in an affidavit must be "'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." ***Franks***, 438 U.S. at 165. "This does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct." ***Id.*** A fact is "appropriately accepted" if the affiant had a "reasonable basis for [the] conclusion." ***United States v. Schmitz***, 181 F.3d 981, 986 (8th Cir. 1999), *discussing **Franks***, 438 U.S. at 165. This court asks "whether the affiant in fact entertained serious doubts as to the truth of the affidavits or had obvious reasons to doubt the accuracy of the information contained therein." ***United States v. Clapp***, 46 F.3d 795, 801 (8th Cir. 1995) (internal quotation marks omitted).

The district court properly held that Davis failed to establish a *Franks* violation. To dispute the truth of Detective Bell's statement that no-knock entries reduce risk and increase safety, Davis presented two documents—a 2003 treatise by a SWAT administrator and a 2014 SWAT training document. He asserts the documents show no-knock entries are not safe or their safety is "at least disputed." However, these documents acknowledge that explosive breaching promotes officer safety in certain circumstances and warn of risks when officers "go into the unknown" to serve a warrant. Neither document is dispositive of truthfulness. At most, the documents suggest disagreement among officers about using explosive breaching and no-knock entry. Detective Bell had a reasonable basis to conclude that no-knock entries enhance safety. His statement was "truthful" within its *Franks* meaning. ***Franks***, 438 U.S. at 165.

As for the CI's reliability, Davis presented evidence of the CI's history of untruthfulness and eventual termination two years after Detective Bell's affidavit. But Davis does not link the CI's history to Detective Bell's knowledge or reckless disregard. There is no evidence that Detective Bell entertained serious doubts about the CI or had obvious reasons to doubt the CI's reliability. *See **Clapp***, 46 F.3d at 801.

Davis attacks Detective Bell's statements about searching the CI. He contends that Detective Bell inadequately searched the CI before the controlled buy, allowing the CI to taint the sale. But Davis identifies no statement in the affidavit that misrepresents Detective Bell's search. And he provides no evidence of what constitutes an adequate search of a CI. Evaluating a summary judgment, this court does "not accept unreasonable inferences or sheer speculation as fact." ***Howard***, 363 F.3d at 800. Davis's speculation about the search does not establish a *Franks* violation.

C.

Davis disputes the summary judgment of his § 1983 conspiracy claim.  He alleges Detectives Bell, Ison, and Hardman conspired to violate his Fourth Amendment rights.  A plaintiff is "required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim."  *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).  When an underlying constitutional claim is properly dismissed, a civil conspiracy claim fails.  *Riddle v. Riepe*, 866 F.3d 943, 949 (8th Cir. 2017).  Because this court affirms dismissal of Davis's Fourth Amendment claims, Davis's civil conspiracy claim fails.

Davis argues that the dismissal of the § 1983 conspiracy claim led the district court to improperly dismiss Detective Hardman.  Davis asserts that Detective Harman is liable because all narcotics unit detectives work on all narcotics cases.  "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation."  *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).  When "[t]he record is devoid of any evidence indicating [an officer was] involved," the officer is entitled to qualified immunity.  *Kingsley v. Lawrence County*, 964 F.3d 690, 700 (8th Cir. 2020).  Davis identified no evidence of Detective Hardman's personal involvement in the investigation or warrant execution.  The district court properly dismissed Detective Hardman.

III.

Davis claims the district court treated some evidence improperly when granting summary judgment:  Detective Bell's affidavit in support of summary judgment, and Davis's expert opinions.

Davis argues that reliance on Detective Bell's affidavit was improper because it is inadmissible hearsay.  "When ruling on a summary judgment motion, the district court may consider only the portion of the submitted materials that is admissible or useable at trial."  *Walker v. Wayne County*, 850 F.2d 433, 434 (8th Cir. 1988).  But

"[i]f a party fails to challenge hearsay evidence submitted to the court, the court does not commit error in considering such evidence." *Id.* at 435. In his opposition to summary judgement, Davis did not object to the affidavit as hearsay. The district court did not err by considering the affidavit.

Once the affidavit was admitted, Davis argues the district court erred by not drawing inferences in his favor. Davis theorizes that because the case file does not document Detective Bell's conversations with the neighbors, the conversations did not occur, or at least, did not occur as described. While all justifiable inferences must be drawn in the non-moving party's favor on summary judgment, courts do not accept "unreasonable inferences or sheer speculation as fact." *Howard*, 363 F.3d at 800. "The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Torgerson*, 643 F.3d at 1042, *quoting* *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation marks omitted). Davis cites an out-of-circuit case holding the omission of a numeric code from IRS computer records was probative of whether a notice was sent. *Wiley v. United States*, 20 F.3d 222, 227 (6th Cir. 1994). But where a party offers no evidence that the organization ordinarily retains such records, "the absence of such a record [is] meaningless." *Id.* at 228. Davis offered no evidence that the police regularly documented every investigatory step. The absence of records of conversations between Detective Bell and the neighbors does not entitle Davis to an inference that the conversations did not occur.

Davis complains that the district court improperly disregarded his expert reports. The district court did not rule on their admissibility, but did not mention them in its order.

Davis's police-practices expert parrots the facts presented to the district court and draws legal conclusions. On summary judgment, courts "consider only admissible evidence and disregard portions of various affidavits and depositions that . . . purport to state legal conclusions as fact." *Howard*, 363 F.3d at 801. Expert

opinions that are "more or less legal conclusions about the facts of the case as presented to the experts" are "merely opinions meant to substitute the judgment of the district court." *In re Acceptance Ins. Companies Sec. Litig.*, 423 F.3d 899, 905 (8th Cir. 2005). The district court properly ruled on the facts using its own judgment.

Davis's declaration from the City's former chief of police is not material because Davis waived the *Monell* claim. *See Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").[2]

The district court did not improperly disregard the expert opinions.

## IV.

Davis failed to appear for a scheduled deposition. The detective defendants moved for sanctions. While the motion was pending, the detectives' counsel failed to attend the rescheduled deposition. The district court granted detective defendants' motion for sanctions, in part, ordering Davis "to pay for the attorneys' fees and court reporter fees from the . . . deposition which Plaintiff failed to attend." The district court's order did not fix an amount.

Davis argues the district court abused its discretion by awarding sanctions. This court lacks jurisdiction to review the issue. "A judgment awarding damages but not deciding the amount of the damages or finding liability but not fixing the extent of the liability is not a final decision within the meaning of § 1291." *Dieser*

---

[2]Appellees argue Davis waived any claims about Chief Buckner and the City. In his opening brief, Davis does not argue that Chief Buckner is individually liable. Nor does his opening brief raise the constitutionality of the City's policies or customs. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690–91 (1978) (a city may be liable under § 1983 only if its official "policy" or "custom" caused the alleged constitutional deprivation). Any claims against Chief Buckner and the City are waived. *See Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived.").

*v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006). *Cf.* ***Goodwin v. United States***, 67 F.3d 149, 151 (8th Cir. 1995) (determining an order directing the "Commissioner to recompute [plaintiff's] tax liability" was final because it left only a ministerial task). Here, a dispute about the amount owed exists; no attorney billing records have been provided; and defendants' counsel boycotted the rescheduled deposition. Because more than a ministerial task remains, the district court's award is not final. This court lacks jurisdiction of this claim.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____