# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1686
_____

United States of America

*Plaintiff - Appellee*

v.

Michael E. Hunt, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 21, 2025
Filed: March 9, 2026

_____

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

A federal jury convicted Michael Hunt of possession of a mixture or substance containing fentanyl with intent to distribute. The district court[1] sentenced him to 180 months' imprisonment, followed by 8 years of supervised release. Hunt now

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

appeals, challenging the district court's denial of his motions for a new trial, to dismiss, and to suppress. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On June 9, 2022, Missouri police learned of a suspect's plan to transport a large amount of fentanyl to Springfield, Missouri. A police informant had spoken with the suspect over the phone about purchasing fentanyl, and the informant told the police that the suspect had a phone number ending in 6984. Based on this information, the police applied for and received a search warrant to track the location of the suspect's phone. The warrant application specified that the police believed the suspect, nicknamed "T," was a man named Brandon Whitehead.

On June 12th, the police tracked the phone and learned that "T"—who, unbeknownst to them, was actually Hunt—was driving southbound from Columbia, Missouri, possibly to Springfield. When local police pulled Hunt over for speeding, Hunt appeared nervous and denied the officers' request to search his vehicle. After the officers' K-9 sniffed Hunt's vehicle and alerted to the presence of narcotics, the officers searched the vehicle, finding in the front passenger seat a black duffel bag containing a small digital scale, a box of small, empty plastic bags, and two large baggies containing what later testing revealed to be 289.6 grams of fentanyl. The officers then arrested Hunt.

A federal grand jury charged Hunt with possession of a mixture or substance containing fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Hunt moved to suppress the evidence found in his car, arguing that the search warrant that led to him being pulled over was not supported by probable cause because it identified another person as "T" and thus had no identifying information about him. The district court denied the motion, explaining that even though the warrant had no specific information about Hunt himself, it was still based on the probable cause arising from the police informant's communications with Hunt's 6984 number.

-2-

Two weeks before trial, Hunt moved to dismiss the case on the grounds that his right to a speedy trial under both the Speedy Trial Act and the Sixth Amendment had been violated. A magistrate judge issued a report and recommendation, recommending that the district court deny the motion. The magistrate judge determined that there was no Speedy Trial Act violation because only 55 out of the maximum 70 nonexcludable days had passed, and that there was no Sixth Amendment violation because, among other reasons, it was Hunt who caused most of the delay in his trial. The district court adopted the magistrate judge's report and recommendation and denied Hunt's motion to dismiss.

Shortly before trial, Hunt and the Government jointly submitted a proposed verdict form and jury instructions. While the jury instructions consistently described the charged crime as possession of fentanyl with intent to distribute, the verdict form erroneously listed the crime as conspiracy to distribute fentanyl. At trial, however, neither party objected to the verdict form when it was given to the jury. After the jury returned a guilty verdict using the incorrect verdict form, the parties realized the error, and Hunt moved for a mistrial. The district court denied this motion, noting that because "the verdict director itself [described] exactly how [Hunt] was charged," the jury still received proper instructions on the elements of the crime that Hunt was being tried for. The district court then submitted a corrected verdict form to the jury and instructed the jury to retire to reconsider its verdict using the corrected form. After a short recess, the jury returned a guilty verdict using the corrected verdict form.

After trial, Hunt moved for a new trial on the grounds that (1) the error in the verdict form impacted his substantial rights, (2) the delay in starting his trial violated the Speedy Trial Act and his Sixth Amendment right to a speedy trial, and (3) the district court erred in denying his motion to suppress. The district court denied the motion, reiterating the reasoning from its previous decisions. The district court then sentenced Hunt to 180 months' imprisonment, followed by 8 years of supervised release. This appeal followed.

II.

Hunt first argues that the district court should have granted his motion for a new trial because the original verdict form, which erroneously listed a crime he was not charged with, constituted an impermissible constructive amendment. This Court has previously reviewed constructive amendment claims "using either a de novo or abuse of discretion standard." United States v. Foard, 108 F.4th 729, 733 (8th Cir. 2024). However, "we need not decide which standard applies here because [Hunt's] claim fails under either." Id.

"A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner . . . that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." Id. at 734 (alteration in original) (citation omitted). However, "when a defendant specifically requests a particular instruction, he gives up the right to appeal any error in that instruction." United States v. Mariano, 729 F.3d 874, 881 (8th Cir. 2013). This is because "the defendant has 'invited' the alleged mistake, [so] 'there can be no reversible error.'" Id. at 880 (citation omitted). Thus, "[t]his court long has held . . . that a defendant 'is in no position to challenge the giving of an instruction which he has requested.'" Id. (citation omitted) (collecting cases). Here, Hunt does not contest that he and the Government jointly proposed the verdict form he is now challenging. Thus, because Hunt "'invited' the . . . mistake," "there can be no reversible error." Id. (citation omitted).

Additionally, even if the error as to the verdict form was not an invited error, "we are aware of no case in which a verdict form by itself was held to constitute a constructive amendment." United States v. Brown, 330 F.3d 1073, 1077 (8th Cir. 2003). Because the jury instructions here consistently listed the correct crime, and because the district court promptly corrected the verdict form after recognizing its mistake, "the jury instructions and verdict form viewed as a whole did not allow the jury to convict [Hunt] of a different offense than [what was] charged." Id. at

1077-78. Accordingly, we find that the mistake on the original verdict form does not warrant a new trial.

III.

Hunt next challenges the district court's denial of his motion to dismiss the indictment based on the Speedy Trial Act. He argues that the district court erred by excluding the time that elapsed during the consideration of his motion to dismiss from the speedy trial clock and by declining to make ends-of-justice findings under 18 U.S.C. § 3161(h)(7). "In the context of Speedy Trial Act rulings, we review a district court's legal conclusions de novo, its factual findings for clear error, and its ultimate determination for an abuse of discretion." United States v. Porchay, 651 F.3d 930, 935 (8th Cir. 2011).

"Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of his indictment or first appearance, whichever is later." United States v. Suarez-Perez, 484 F.3d 537, 540 (8th Cir. 2007); see 18 U.S.C. § 3161(c)(1). However, "the Act [also] includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." Zedner v. United States, 547 U.S. 489, 497 (2006). As relevant here, the Act excludes "[a]ny period of delay resulting from other proceedings concerning the defendant," including "delay resulting from any pretrial motion." 18 U.S.C. § 3161(h)(1), (h)(1)(D). A district court may also exclude time from the Speedy Trial Act's count under § 3161(h)(7) if it sets forth findings for why the exclusion would serve the ends of justice.

Here, the district court did not err in holding that the Speedy Trial Act was not violated. The district court calculated that only 55 non-excludable days passed prior to the commencement of Hunt's trial, and Hunt has not adequately explained how this calculation was wrong. While Hunt argues that the district court should not have excluded the time required to decide his motion to dismiss, we have reiterated that the Act is "crystal clear" that it "excludes 'delay resulting from *any* pretrial motion.'"

United States v. Williams, 557 F.3d 943, 951 (8th Cir. 2009) (citation omitted). Even though Hunt's motion to dismiss alleged a Speedy Trial Act violation, this does not distinguish it from other pretrial motions which stop the speedy trial clock from running. See, e.g., id. at 947-48 ("The speedy trial clock . . . [was] stopped by Williams' April 13 motion to dismiss for [a] STA violation[.]"); United States v. Villarreal, 707 F.3d 942, 956 (8th Cir. 2013) ("[After] Villarreal filed his motion to dismiss based upon a Speedy Trial Act violation . . . . the period of time . . . resulting from [his] motion to dismiss [was] excludable."). Furthermore, while Hunt claims that the district court erred in not making ends-of-justice findings under § 3161(h)(7) of the Speedy Trial Act, such findings are not required under § 3161(h)(1)(D) for delays resulting from pretrial motions. See 18 U.S.C. § 3161(h)(7)(A), (h)(1)(D); United States v. Bloate, 655 F.3d 750, 757 (8th Cir. 2011) ("[T]he Supreme Court . . . favor[s] ends-of-justice findings for delays that do not fit squarely into the 'pretrial motion' exclusion."). Thus, the district court did not err in holding that the Speedy Trial Act was not violated.

Hunt also argues that the delay between his original arrest and trial violated his Sixth Amendment right to a speedy trial. "Sixth Amendment challenges are reviewed separately from the Speedy Trial Act." United States v. Aldaco, 477 F.3d 1008, 1018 (8th Cir. 2007). "We review the district court's findings of fact on whether a defendant's right to a speedy trial was violated for clear error but review its legal conclusions de novo." United States v. Lewis, 146 F.4th 621, 629 (8th Cir. 2025) (citation omitted).

The Supreme Court has identified four relevant inquiries for a claim involving the Sixth Amendment speedy trial right: "(1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay." Aldaco, 477 F.3d at 1019. Generally, however, "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." Id. at 1018-19 (citation omitted). Additionally, "[t]here typically will be no Sixth Amendment

violation when the defendant 'was responsible for most of the delay,'" such as when he files "motions to suppress evidence, for a competency evaluation, and to dismiss." United States v. Flores-Lagonas, 993 F.3d 550, 563 (8th Cir. 2021) (quoting United States v. Walker, 840 F.3d 477, 485 (8th Cir. 2016)).

Here, the district court did not err in determining that Hunt's Sixth Amendment speedy trial right was not violated. While the 25-month delay was lengthy, it was not extraordinary. See United States v. Cooley, 63 F.4th 1173, 1178 (8th Cir. 2023) (finding that a delay of 29 months was "lengthy but not extraordinary"). Furthermore, Hunt does not contest that he was "responsible for most of the delay." Walker, 840 F.3d at 485. Like the defendant in Walker, Hunt filed motions to suppress evidence, to obtain competency evaluations, and to dismiss. See id. Hunt also successfully moved to continue the trial four times. Lastly, while Hunt asserted his right to a speedy trial in his motion to dismiss, he has not clearly articulated what prejudice he suffered because of the delay. Thus, the district court did not err in holding that Hunt's Sixth Amendment speedy trial right was not violated.

IV.

Hunt's final contention is that the district court erred in denying his motion to suppress. Hunt argues that the search warrant listing his phone number was not based on probable cause because it did not have any other identifying information about him. "We review the denial of a suppression motion under a clear error analysis for findings of fact and the court's legal conclusions *de novo*." United States v. Reeves, 143 F.4th 999, 1007 (8th Cir. 2025) (citation omitted).

A search warrant must be based upon probable cause. Id. However, probable cause only requires a "fair probability [that] evidence of a crime will be found in a particular place." Id. (citation omitted). Furthermore, "[t]his court gives 'great deference to the issuing magistrate judge's decision regarding the existence of probable cause in an affidavit.'" Id. (citation omitted).

Here, there was probable cause to justify the search warrant for Hunt's phone. Even if the warrant erroneously identified Brandon Whitehead as the owner of the phone and not Hunt, there was still a "fair probability" that the *phone itself* contained evidence of a crime, id., regardless of who the actual owner was. Furthermore, the officers' decision to stop Hunt's vehicle was based on their tracking of the location of Hunt's phone rather than the location of Hunt himself.

Because the affidavit misidentified Hunt, he also claims that the warrant was invalid based on the Supreme Court's decision in Franks v. Delaware, 438 U.S. 154 (1978). "To prevail on a Franks claim [a party] must show: (1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit; and (2) that the affidavit's remaining content is insufficient to establish probable cause." Davis v. City of Little Rock, 122 F.4th 326, 330 (8th Cir. 2024) (alteration in original) (citation omitted).

However, Hunt did not raise this argument before the district court, so it is waived. See United States v. Green, 691 F.3d 960, 965 (8th Cir. 2012) ("[T]he mere filing of a motion [to suppress] is not sufficient to avoid waiver of specific arguments that are advanced for the first time on appeal."). Furthermore, Hunt does not provide any substantive evidence that the officers provided mistaken information "knowingly or intentionally, or with reckless disregard for the truth," nor does he explain how the affidavit's remaining content without including the inaccurate identification would be "insufficient to establish probable cause." Davis, 122 F.4th at 330 (citation omitted). Thus, Hunt's Franks challenge fails.

Lastly, Hunt argues in his reply brief that the state court judge did not have jurisdiction to issue the search warrant for his phone because it was located in a different county than the judge. But Hunt waived this argument since he did not raise it in his opening brief. See United States v. Ladeaux, 61 F.4th 582, 587 (8th Cir. 2023). Accordingly, we conclude that the district court did not err in denying the motion to suppress.

## V.

For the foregoing reasons, we affirm the judgment of the district court.

_____