# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2176
_____

United States of America

*Plaintiff - Appellee*

v.

Kimo John Little Bird, Sr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: February 16, 2023
Filed: August 3, 2023
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

A jury found Kimo John Little Bird, Sr., guilty on three counts: (1) Aggravated Sexual Abuse of a Child, see 18 U.S.C. §§ 1153, 2241(c), and 2246(2); (2) Committing a Felony Sex Offense Against a Minor While Required to Register as a Sex Offender, see 18 U.S.C. § 2260A; and (3) Tampering with a Witness, see 18 U.S.C. §§ 1512(b)(1) and 1512(i). After the verdict, Little Bird filed a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. The district

court[1] denied the motion and subsequently sentenced Little Bird to life plus 120 months in prison.

On appeal, Little Bird argues that the district court erred when it denied his motion for judgment of acquittal because there was insufficient evidence to convict on the aggravated sexual abuse and witness tampering charges. Little Bird also challenges his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Under Rule 29(a), the district court is to enter a judgment of acquittal for "any offense for which the evidence is insufficient to sustain a conviction." United States v. Nelson, 51 F.4th 813, 817 (8th Cir. 2022) (quoting United States v. Broeker, 27 F.4th 1331, 1335 (8th Cir. 2022)). "We review the denial of a motion for judgment of acquittal *de novo*, viewing the evidence and all reasonable inferences in the light most favorable to the jury's verdict." United States v. McDonald, 826 F.3d 1066, 1072 (8th Cir. 2016) (per curiam). Judgment of acquittal should be granted "only when no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id.

A.

Little Bird contends that the evidence at trial was insufficient to sustain his conviction for aggravated sexual abuse. To convict Little Bird, the government had to prove four elements: (1) Little Bird attempted to engage in a "sexual act" with the victim; (2) the victim was under the age of 12 at the time the incident occurred; (3) Little Bird is an Indian; and (4) the alleged offense occurred in Indian Country. See 18 U.S.C. §§ 1153, 2241(c).

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Little Bird first argues that there was insufficient evidence to prove that the victim was under the age of 12 when the incident occurred. But the victim testified that she was 11 years old at the time of the alleged assault. Further, the government demonstrated—and Little Bird did not dispute—that the incident must have occurred between the time Little Bird was released from prison on June 3, 2016, and the time the victim's grandmother reported the assault to the authorities on July 25, 2016. This evidence, coupled with the victim's testimony that she was born in 2005, was sufficient for the jury to conclude beyond a reasonable doubt that she was under the age of 12 at the time of the incident.

Little Bird also argues that there was no evidence of a "sexual act" as defined by 18 U.S.C. § 2246(2) because the government did not provide any evidence of penetration. But § 2246(2) includes four definitions of "sexual act," only one of which requires proof of penetration. A "sexual act" also includes "the intentional touching, not through the clothing, of the genitalia of another person," 18 U.S.C. § 2246(2)(D), and detailed trial testimony from the victim provided sufficient evidence to conclude that Little Bird engaged in a "sexual act." For example, the victim testified that Little Bird touched her "skin to skin" underneath her underwear, making a "cupped motion" over her genitalia. The victim further testified that after she pulled Little Bird's hand away, he smiled and said, "let me touch it." "[A] victim's testimony alone is sufficient to persuade a reasonable jury of the defendant's guilt beyond a reasonable doubt." United States v. Gabe, 237 F.3d 954, 961 (8th Cir. 2001). The district court did not err in denying Little Bird's motion for judgment of acquittal.

B.

Little Bird also contends that there was insufficient evidence to support the jury's conclusion that he committed witness tampering. See 18 U.S.C. § 1512(b)(1). To convict on the witness tampering charge, the government was required to prove that Little Bird "corruptly persuaded or attempted to corruptly persuade" someone,

with the intent to influence the testimony of any person in an official proceeding. To "corruptly persuade" another means to act "with consciousness of wrongdoing." United States v. Craft, 478 F.3d 899, 900 (8th Cir. 2007).

At trial, the government argued that Little Bird attempted to influence the testimony of the victim by repeatedly asking his own mother—who is also the victim's grandmother—to have the victim recant the allegation. The government's evidence consisted primarily of a series of recorded jail house phone calls between Little Bird and his mother in which Little Bird made repeated requests that she convince the victim to provide a written recantation to law enforcement. As the government pointed out, in none of these calls did Little Bird say that the allegation was false or that he did not commit the act in question. His mother testified that Little Bird's calls made her feel like she was "being pressured" to help him get the charges dropped.

In addition to this evidence, the government highlighted two specific instances it argues demonstrated Little Bird's consciousness of wrongdoing. First, the government played a recording of Little Bird describing his negative experiences in jail—namely, that he was beat up and injured by other inmates. Under the government's theory, this amounted to an attempt to play on his mother's sympathies and compel her to procure the recantation so that he would be released. Second, the government showed that Little Bird offered to give his mother half of his government-issued stimulus check, which, according to the government, represented an attempt to curry favor with her after his numerous requests for help.

Little Bird countered that his requests could not have been an attempt to *corruptly* persuade his mother because he was only acting in accordance with his attorney's instructions. At trial, Little Bird testified that his mother told him the victim had recanted the allegation. When Little Bird asked his lawyer what to do, his lawyer said to have the victim "write a statement, stating that [she] lied" and to be sure it is "signed." Thus, according to Little Bird, the calls to his mother were merely a result of him doing what his lawyer said he should do, not an attempt to

"corruptly persuade" anyone. In other words, Little Bird contends that he lacked the requisite intent under the statute.

Here, the evidence at trial presented "two conflicting hypotheses" about Little Bird's motivation in making these phone calls. United States v. Hensley, 982 F.3d 1147, 1157 (8th Cir. 2020). The jury found more credible the government's explanation. See United States v. Jefferson, 725 F.3d 829, 834 (8th Cir. 2013) ("[I]t is within the province of the jury to make credibility assessments and resolve conflicting testimony." (citation omitted)). And while there was no direct evidence that Little Bird attempted to corruptly persuade his mother, there was sufficient circumstantial evidence to support the jury's conclusion that he did. Given that all reasonable inferences must be construed in favor of upholding the verdict, this court will not disturb the jury's decision on this count.

## II.

Little Bird also challenges his sentence. The district court calculated a base offense level of 38 and applied a two-level enhancement for obstruction of justice, resulting in a total offense level of 40. With a criminal history category of VI, the recommended Guidelines range for Little Bird was 360 months to life. Little Bird's conviction under 18 U.S.C. § 2260A—committing a felony involving a minor while registered as a sex offender—further required a minimum of 120 months' imprisonment to run consecutively to the underlying offense. The district court imposed a life sentence.

Little Bird first argues that the district court procedurally erred in imposing the two-level enhancement for obstruction of justice. "A district court's application of the guidelines to the facts is reviewed de novo and its factual findings for clear error." United States v. Dillard, 370 F.3d 800, 804 (8th Cir. 2004). A court may apply the obstruction-of-justice enhancement if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with

respect to the investigation, prosecution, or sentencing of the instant offense of conviction." United States Sentencing Guidelines § 3C1.1 (2021). The jury's verdict on the witness tampering charge supported the enhancement, and it was properly applied. See id. § 3C1.1, comment. (n.8).

Little Bird also challenges the substantive reasonableness of his sentence. "We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Robison, 759 F.3d 947, 950–51 (8th Cir. 2014) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)). If the sentence imposed is within the range provided by the Guidelines, it is presumed to be reasonable. See United States v. Garcia, 946 F.3d 413, 419 (8th Cir. 2019).

At the sentencing hearing, the district court discussed at length the evidence presented at trial and Little Bird's extensive criminal history, including a previous conviction for a sex offense against a minor. See 18 U.S.C. § 3553(a). The district court's justifications here for imposing a specific sentence "rest[ed] on precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1095 (D.C. Cir. 2008)).[2] We discern no abuse of discretion in the sentence imposed.

---

[2]To the extent Little Bird raises an Eighth Amendment challenge to his sentence, he develops his argument for the first time in his Reply Brief, which is too late for our review. See United States v. Darden, 915 F.3d 579, 586 n.9 (8th Cir. 2019) ("We generally do not consider arguments raised for the first time in a reply brief . . . .").

## III.

The judgment of the district court is affirmed.

_____