United States Court of Appeals

For the Eighth Circuit

_____

No. 23-2349

_____

United States of America

*Plaintiff - Appellee*

v.

Dalonte Foard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: March 13, 2024
Filed: July 19, 2024

_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

A jury convicted Dalonte Foard of conspiring to engage in sex trafficking of a minor and sex trafficking of a minor. The district court[1] sentenced Foard to 45

_____

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

years of imprisonment. On appeal, Foard raises numerous challenges to his conviction and sentence. We affirm.

## I. Background

On September 24, 2020, Dalonte Foard and his uncle, Thomas Holbert, picked up two foster youths, M.D. and M.J. (collectively, the Minors) from their foster home. M.J. was a seventeen-year-old girl with learning disabilities. She looked up to M.D., a sixteen-year-old girl. M.D. knew Holbert, and she told M.J. that "escorting" was an easy way to make money. Foard dropped off Holbert and the Minors at a motel and left. In the motel room, Holbert took provocative photos of the Minors in lingerie to include in online prostitution advertisements. Holbert attempted to set up the Minors with sex buyers, but he was unsuccessful due to a no-show.

Eventually, M.D. called another man to pick her up, leaving M.J. at the motel. When Holbert left by himself, M.J. remained at the motel with just Foard and his girlfriend, Tashian Hickman.

In the early morning hours of September 25, Foard and Hickman engaged in sex while M.J. attempted to sleep in another bed. Foard repeatedly pressured M.J. to join them for sex acts by telling M.J. she needed to let him "break her in." Foard eventually had sex with M.J. multiple times. Later that day, Foard took photos of M.J. and created a new online prostitution advertisement. Hickman communicated with a sex buyer, Michael Blue. When Blue arrived in the motel room, he paid $60 and received sex acts from M.J. During this time, Foard sat outside on a public staircase and re-entered the room after Blue left. Later, Foard drove M.J. back to her foster home, leaving her with $10. M.J.'s foster mother called the police when M.J. told her about what happened at the motel.

A grand jury indicted Foard for conspiracy to engage in sex trafficking (Count I), sex trafficking of M.J. (Count IV), and sex trafficking of M.D. (Count V). After

-2-

a trial, a jury found Foard guilty of conspiracy to engage in sex trafficking (Count I) and sex trafficking of M.J. (Count IV). The jury acquitted Foard of sex trafficking M.D. (Count V). The district court sentenced Foard to 45 years of imprisonment followed by lifetime supervision. Foard appeals, contending the district court erred during the trial and sentencing proceedings.

## II. Analysis

Foard challenges the jury instructions, the admission of certain out-of-court statements, the denial of his motion for acquittal, the application of sentencing adjustments, and the substantive reasonableness of his sentence. We address each issue in turn.

## A. Jury Instructions

Foard first takes issue with the jury instructions. He argues the jury instructions altered "an essential element of the offense, and therefore, amend[ed] the Indictment constructively in violation of [his] right to a grand jury." Count I of the indictment charged Foard with conspiring to sex traffic "two minor females." But the jury instructions only required the jury to find Foard conspired to traffic "a minor." We find Foard's constructive amendment argument unpersuasive because the jury instructions permissibly narrowed the indictment, without modifying an essential element of the conspiracy offense.

We review a constructive amendment claim using either a de novo or abuse of discretion standard, but we need not decide which standard applies here because Foard's claim fails under either. *See United States v. Chopra*, 67 F.4th 913, 915 (8th Cir. 2023). "A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner . . . that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007).

It is well established that "the government can prove its case in the disjunctive where the indictment alleges, in the conjunctive, that the defendant committed the same offense . . . in more than one way." *United States v. Spencer*, 592 F.3d 866, 875 (8th Cir. 2010). "[W]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *Griffin v. United States*, 502 U.S. 46, 56–57 (1991) (quoting *Turner v. United States*, 396 U.S. 398, 420 (1970)). For example, the Supreme Court sustained a conviction for "[heroin] distribution *alone*" even though a one-count indictment charged the defendant with "knowingly purchasing, possessing, dispensing, *and* distributing heroin." *Id.* at 56 (second emphasis added).

Here, using the singular phrase "a minor," in the instructions, instead of the plural phrase "two minors," as in the indictment, "added nothing new to the grand jury's indictment and constituted no broadening." *See United States v. Miller*, 471 U.S. 130, 145 (1985). The emphasis on events involving M.J. constituted a permissible narrowing of the indictment from the conjunctive to the disjunctive. *See Goto v. Lane*, 265 U.S. 393, 400 (1924). Therefore, "the presence of the word 'or' [did] not mislead [Foard]" and "the indictment fully inform[ed] [him] of the nature and terms of the charge against [him]." *See id.* The district court did not abuse its discretion in issuing its jury instructions.

## B. Admission of Out-of-Court Statements

Foard contested the admission of certain out-of-court statements between Holbert and M.D. as hearsay. Specifically, beginning on September 20, 2020, Holbert and M.D. discussed "plays," referring to commercial sex acts. On September 24, Holbert messaged M.D., "we need a room," and asked when M.D. would be ready to go. M.D. replied, "I'm ready now." Holbert asked M.D. to send her address and if she had "any lingerie or something sexy to wear." Holbert then texted M.D. that he was on his way and told her that his nephew was giving him a ride. Later in the conversation, M.D. texted Holbert, saying, "my little home girl

-4-

coming I be putting her on plays," referring to bringing M.J. on their outing. The district court admitted these text messages between Holbert and M.D. under the co-conspirator exclusion to hearsay statements, noting that (1) "a conspiracy to engage in sex trafficking existed," (2) Foard and the declarant, M.D., "were members of the conspiracy," and (3) "the statements were made during the course and in furtherance of the conspiracy."

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Roberts*, 86 F.4th 1183, 1186 (8th Cir. 2023). A statement is not hearsay when it is offered against an opposing party and "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). We broadly interpret the phrase "in furtherance of the conspiracy." *See United States v. Sims*, 999 F.3d 547, 552 (8th Cir. 2021). For example, statements either "identifying a coconspirator's role" or "providing information on the enterprise's scope" would constitute statements in furtherance of the conspiracy. *Id.*

Here, the messages establish the beginning stages of planning and coordination in furtherance of the conspiracy to sex traffic the Minors. Specifically, Holbert told M.D. that Foard was coming to give them a ride. And M.D. said she intended to bring M.J. to put her "on plays." These messages identified Foard's role in the conspiracy—as he transported the Minors between their foster home and the motel where the commercial sex acts later occurred. And these messages identified the enterprise's scope as involving the two minors.[2] Therefore, the district court did not abuse its discretion in admitting these messages.

---

[2]Foard also argues the admission of the statements violated his rights under the Confrontation Clause because neither Holbert nor M.D. testified at trial. But because the statements were properly admitted as non-hearsay under Rule 801(d)(2)(E), there is no Confrontation Clause violation. *See Bourjaily v. United States*, 483 U.S. 171, 182 (1987).

## C. Sufficiency of the Evidence

Foard next challenges the district court's denial of his motion for judgment of acquittal. "We review de novo the sufficiency of the evidence, viewing the evidence in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences." *United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008). "We reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* "[A] victim's testimony alone is sufficient to persuade a reasonable jury of the defendant's guilt beyond a reasonable doubt." *United States v. Bird*, 76 F.4th 758, 762 (8th Cir. 2023) (quoting *United States v. Gabe*, 237 F.3d 954, 961 (8th Cir. 2001)).

Here, there was sufficient evidence for a reasonable jury to find Foard guilty beyond a reasonable doubt of conspiring to sex traffic a minor and sex trafficking of M.J.[3] When viewing the evidence in light most favorable to the verdict, the sequence of events suggests Foard transported two foster youths from their foster homes to a motel so that they could be sold for sex acts. After his uncle left, Foard essentially took over as the "pimp," by participating in posting M.J. on an online prostitution advertisement and coordinating a sex sale. Foard was not "merely present." Rather, he pressured M.J. to let him "break her in" and waited outside when a sex buyer engaged in sex acts with M.J.; he also financially benefited from M.J.'s sex sale by taking $50 out of the $60 M.J. received for the sex acts. In sum, the voluminous evidence against Foard means a reasonable jury could find Foard guilty beyond a reasonable doubt.

---

[3]For conspiracy to engage in sex trafficking of a minor, the government had to establish, beyond a reasonable doubt, that Foard "conspire[d] with another to violate section 1591." 18 U.S.C. § 1594(c). For sex trafficking of a minor, the government had to establish that Foard (1) in a manner affecting interstate commerce, knowingly "recruits, entices, harbors, transports . . . advertises, . . . or solicits by any means a person" in a commercial sex act or (2) benefits financially from participation in a commercial sex act. *Id.* § 1591(a)(1)–(2).

## D. Sentencing Adjustments

When fashioning Foard's sentence, the district court imposed four sentencing enhancements and declined to apply a requested mitigating role reduction under U.S. Sentencing Guidelines Manual (Guidelines or U.S.S.G.). We agree with the district court's decisions.

### i. Sentencing Enhancements

"We review the district court's application of the Guidelines and imposition of sentencing enhancements de novo." *United States v. Norwood*, 774 F.3d 476, 479 (8th Cir. 2014). We review factual findings at sentencing for clear error. *Id.* "[S]entencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *Id.* (quoting *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006)). The burden is on the government to show a sentence enhancement was warranted. *United States v. Thomas*, 630 F.3d 1055, 1057 (8th Cir. 2011).

The district court applied enhancements to Foard's sentence for unduly influencing a minor, electronic communications, vulnerable victim, and obstruction of justice. We find sufficient evidence to support the district court's factual findings. We discuss each sentencing enhancement in turn.

The district court properly applied the undue influence of a minor enhancement. Under Guidelines § 2G1.3(b)(2)(B), a two-level enhancement applies if a defendant "unduly influenced a minor to engage in prohibited sexual conduct." *United States v. Hagen*, 641 F.3d 268, 270 (8th Cir. 2011) (quoting U.S.S.G. § 2G1.3(b)(2)(B)). A district court "should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." *Id.* (quoting U.S.S.G. § 2G1.3 cmt. n.3(B)). Here, the evidence presented at trial showed M.J. had recently turned 17 and had learning disabilities, which made her subject to the influence of Foard, an adult man.

M.J. also had not driven herself, so she thought she had no way to leave the motel. Foard was aware of M.J.'s inability to leave when he began having sex with Hickman while M.J. was in the same room. Foard then repeatedly pressured M.J. to join them, even after M.J.'s multiple refusals. Although Foard led M.J. to believe he would make her money, he instead pressured M.J. to have sex with him while she had no way to get home, and he set up M.J. with another man, letting M.J. keep only $10 from the ordeal—that is undue influence. Thus, the district court did not clearly err in finding Foard unduly influenced M.J. to engage in sexual conduct.

The district court properly applied the electronic communications enhancement. Under Guidelines § 2G1.3(b)(3), a two-level enhancement applies if a computer was used to "persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct" or "entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." Using a smart phone constitutes use of a computer. *United States v. Kramer*, 631 F.3d 900, 902 (8th Cir. 2011). At trial, Hickman testified Foard used a cell phone to create an online prostitution advertisement for M.J., which facilitated the offense. Foard also used a cell phone to text Hickman to coordinate the commercial sex acts between M.J. and Blue. Hence, the district court did not clearly err in finding Foard used his cell phone in a way that is consistent with the sentencing enhancement requirements.

The district court properly applied the vulnerable victim enhancement. Under Guidelines § 3A1.1(b)(1), "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim" then a two-level enhancement applies. A "vulnerable victim" is a victim who is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* § 3A1.1 cmt. n.2. Here, M.J. was a foster youth with learning disabilities. Foard spent multiple hours with M.J. and had the opportunity to observe and interact with her. In light of this evidence, the district court did not clearly err in finding Foard should have known M.J. was a vulnerable victim. *See United States v. Evans*, 285 F.3d 664, 672 (8th Cir. 2002) (affirming application of enhancement and considering the victim's lack of parental guidance); *see also United States v.*

*Muslim*, 944 F.3d 154, 168 (4th Cir. 2019) (affirming application of enhancement and considering the victim's "lack of a stable home and parental figures").

The district court properly applied the obstruction of justice enhancement. Under Guidelines § 3C1.1, if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" then a two-level enhancement applies. This includes "intimidating, or otherwise unlawfully influencing a . . . witness . . . , directly or indirectly, or attempting to do so." *Id.* § 3C1.1 cmt. n.4(A); *see also United States v. Maurstad*, 35 F.4th 1139, 1146 (8th Cir. 2022). "[T]he Guidelines have a broad view of obstruction—it can vary in nature and seriousness, and does not require a direct threat." *Maurstad*, 35 F.4th at 1146. As an example, "coaching a witness can constitute an obstruction of justice." *United States v. Boen*, 59 F.4th 983, 996 (8th Cir. 2023). Here, the district court did not clearly err in finding Foard committed perjury and attempted to influence Hickman's testimony. *See United States v. Garcia*, 61 F.4th 628, 631 (8th Cir. 2023) (committing perjury at trial constitutes an obstruction of justice within the meaning of the enhancement); *United States v. Sanders*, 4 F.4th 672, 679 (8th Cir. 2021) (affirming application of obstruction of justice enhancement for a defendant's attempt to influence a witness). At sentencing, the district court found Foard's actions met the elements for perjury. Specifically, the district court found Foard falsely testified about his lack of involvement even when there was evidence Foard was present at the motel to handle a commercial sex buyer and when both M.J. and Hickman testified that Foard had set up an online prostitution advertisement for M.J. Further, the district court found Foard attempted to influence a witness because Hickman testified Foard contacted her from jail to tell her what to say.

### ii. Role Reduction

Whether a defendant qualifies for a mitigation role reduction is a finding of fact, which we review for clear error. *United States v. Carpenter*, 487 F.3d 623, 625

(8th Cir. 2007). The burden is on the defendant to show the role reduction was warranted. *United States v. Durham*, 836 F.3d 903, 911 (8th Cir. 2016).

The district court properly denied the application of a role reduction. "A defendant is eligible to receive a two-level reduction if he was a minor participant in the criminal offense." *United States v. Stanley*, 362 F.3d 509, 511 (8th Cir. 2004) (citing U.S.S.G. § 3B1.2(b)). The adjustment should only apply where a defendant is "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). The district court did not clearly err in finding that Foard, in many respects, was more culpable than other participants. For example, Foard was the only one who took money for the commercial sex acts. In light of this particularly egregious evidence, we conclude the district court did not clearly err in concluding Foard failed to meet his burden of proving he was entitled to a role reduction.

## E. Substantive Reasonableness of the Sentence

The district court sentenced Foard to 45-years imprisonment for conspiracy, and the same for sex trafficking of M.J., to be served concurrently, with supervision for life after imprisonment. We hold this sentence is not substantively unreasonable.

We review the imposition of a criminal sentence under a deferential abuse of discretion standard. A district court has "abused its discretion if it (1) failed to consider a relevant factor that should have received significant weight; (2) gave significant weight to an improper or irrelevant factor; or (3) considered only the appropriate factors but in weighing those factors committed a clear error of judgment." *Boen*, 59 F.4th at 997 (cleaned up).

At the outset, Foard's 45-year, or 540-month, sentence is within the Guidelines range of 360 months to life, and hence is presumptively reasonable. *Id.* The district court noted it considered all sentencing factors in 18 U.S.C. § 3553(a), including the seriousness of Foard's crime, Foard's significant role in sex trafficking

M.J., the fact that Foard "committed this crime shortly after being released from prison and while wearing an ankle monitor," Foard's assault of corrections officers while awaiting sentencing in the instant case, and Foard's history of abusive conduct toward women, such as assaulting his girlfriend while she was pregnant. The district court concluded these factors show Foard has a high likelihood to recidivate—not only did Foard refuse to take responsibility for his actions here, but his history also showed a pattern of violence toward women.[4]

Given the district court's thorough sentencing analysis, Foard has not overcome the presumption of reasonableness afforded to his within-Guidelines-range sentence.

### III. Conclusion

For the foregoing reasons, we affirm the district court.

———————————————————

---

[4]The district court also addressed the sentencing disparity between Foard and his co-defendants. Specifically, Foard's Guidelines range was higher because he did not plead guilty while his co-defendants did. His role in the offense was more egregious because he had sex with one of the underage victims. Finally, his likelihood of recidivism was higher as he had been undeterred by prior imprisonment and electronic location monitoring.