# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1186
_____

United States of America

*Plaintiff - Appellee*

v.

Jerry D. Bedell, also known as D'Andre

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri
_____

Submitted: January 13, 2025
Filed: June 11, 2025
[Unpublished]
_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jerry D. Bedell challenges his sentence following his guilty plea for conspiring to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). In light of the government's concession that

it failed to provide evidence at sentencing to prove facts related to three enhancements, we reverse and remand for resentencing.

Bedell's conviction arises from a U.S. Drug Enforcement Administration investigation of a drug trafficking organization. Bedell ultimately pled guilty to conspiring to distribute heroin and fentanyl and knowingly possessing a firearm in furtherance of that conspiracy. Prior to sentencing, Bedell objected to the drug quantity calculation and the three recommended sentencing enhancements outlined in the Presentence Investigation Report (PSR). Although Bedell personally sold only approximately ten kilograms of fentanyl, the PSR attributed twelve to thirty-six kilograms to him, which was the overall quantity of fentanyl involved in the conspiracy. At sentencing, the district court overruled Bedell's objections and adopted the PSR's drug calculation, resulting in an initial base offense level of 36. The district court also adopted three separate sentencing enhancements recommended in the PSR: (1) a 2-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for distributing drugs, (2) a 3-level aggravating-role enhancement under U.S.S.G. § 3B1.1(b), and (3) a 2-level criminal-livelihood enhancement under U.S.S.G. § 2D1.1(b)(16)(E). Additionally, the district court adopted the PSR's determination that Bedell was a career offender under U.S.S.G. § 4B1.1. Ultimately, the district court calculated Bedell's total offense level at 40 and his criminal history at Category VI, resulting in a United States Sentencing Guidelines Manual range of 360 months to life imprisonment.

We first address Bedell's argument that the district court committed procedural error in applying the three sentencing enhancements described above. "We review factual findings at sentencing for clear error." *United States v. Foard*, 108 F.4th 729, 736 (8th Cir. 2024). "[S]entencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *Id.* at 736 (alteration in original) (quoting *United States v. Norwood*, 774 F.3d 476, 479 (8th Cir. 2014)). "The burden is on the government to show a sentence enhancement was warranted." *Id.* Here, the government concedes it failed to provide evidence at

sentencing to prove facts supporting the offense-level enhancements. The application of the enhancements without evidentiary support was clear error.

In light of our holding regarding the enhancements, it is unnecessary to determine whether the district court also erred when calculating the drug quantity to establish the base offense level. Without these enhancements, Bedell's adjusted offense level would have been 36 if the district court's drug calculation was correct and 34 if it was not. Either way, Bedell's total offense level would be the same because he was determined to be a career offender under U.S.S.G. § 4B1.1(a) and he does not challenge that determination on appeal. When the offense level determined by the career offender table is greater than an otherwise applicable offense level, we apply the higher career offender offense level. *See* U.S.S.G. § 4B1.1(b). Based on the statutory maximum of life imprisonment for 21 U.S.C. § 841(b)(1)(A), Bedell's career offender offense level would be 37. *See* U.S.S.G. § 4B1.1(b). Therefore, regardless of whether Bedell's drug quantity calculation should have resulted in an adjusted offense level of 34, as he claims, or 36, as the district court found, the higher career offender offense level of 37 would apply.

For the foregoing reasons, we reverse the district court's judgment and remand for resentencing.

_____