# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3509
_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Michael Vannausdle

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: November 20, 2025
Filed: January 23, 2026

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

Bryan M. Vannausdle pled guilty to receiving child pornography. The district court enhanced his sentence under U.S.S.G. § 2G2.1(b)(4)(A). He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Vannausdle exchanged sexually explicit pictures and videos with a 13-to-14-year-old girl. He sent five pictures of his penis, said he wanted to "fuck u hard,"

suggested they have anal sex, and asked: "wat if it hurts u when we are having sex." He also asked: "wat would u do if I got u a sex toy." When the child mentioned taking a shower, Vannausdle said: "Mmmmm can I see." After she sent him a picture of her vagina, he said: "Mmmmmm more." She sent him a picture of a dildo inserted into her vagina. Vannausdle responded: "Mmmmm baby show me more" and "Wat bout a video." She responded with a 10-second video of the dildo inserted in her vagina and a one-minute-and-50-second video of her inserting the dildo into her rectum.

Vannausdle was arrested and charged with sexual exploitation of a minor, receipt of child pornography, possession of child pornography, and transfer of obscene material to a minor. He pled guilty only to receipt of child pornography. The district court[1] applied a four-level sentence enhancement under U.S.S.G. § 2G2.1(b)(4)(A). The court sentenced him to 240 months in prison.

Vannausdle appeals, arguing that the pictures and videos he received do not justify the enhancement. "When reviewing the district court's calculation of the United States Sentencing Guidelines advisory sentencing range, we review the district court's factual findings for clear error and its construction and application of the Guidelines *de novo.*" **United States v. Cannon**, 703 F.3d 407, 415 (8th Cir. 2013) (citation and internal quotation marks omitted).

The sentencing guidelines authorize a four-level enhancement if the offense involves "material that portrays . . . sadistic or masochistic conduct or other depictions of violence." *See* **U.S.S.G. § 2G2.1(b)(4)(A)**. A minor's "self-penetration by a foreign object qualifies as violence." **United States v. Starr**, 533 F.3d 985, 1001 (8th Cir. 2008), *citing* **United States v. Parker**, 267 F.3d 839, 847 (8th Cir. 2001) ("Given the plain meaning of 'violence,' it is difficult to imagine that

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

the sexual penetration with a foreign object of a minor female would not qualify as 'violence' even if self-inflicted.").

Vannausdle argues the enhancement was not appropriate because: (1) the child was not prepubescent, (2) she used a sex toy instead of another foreign object, and (3) she appeared to masturbate for sexual pleasure. But this court has upheld the enhancement regardless of the minor's age, the foreign object used, or whether the minor experienced pain. *See Starr*, 533 F.3d at 1001–02 (holding that the enhancement was appropriate where a 17-year-old sent a defendant videos of her masturbating and performing anal penetration); ***United States v. Schnekenburger***, 788 Fed. Appx. 1044, 1045 (8th Cir. 2020) (per curiam) (same where 15-year-old inserted a foreign object into her vagina and anus); ***United States v. Vogelpohl***, 827 Fed. Appx. 621, 622 (8th Cir. 2020) (per curiam) (same where a minor inserted a finger into her vagina and anus, and a mascara applicator into her vagina).

In *Starr*, a defendant had sexual conversations with a 17-year-old girl. 533 F.3d at 990. He asked her to send him videos. *Id.* She sent him videos of her masturbating and performing anal penetration. *Id.* The defendant argued that because the minor was not "very young" and because there was no "evidence of any pain or injury suffered on the part of [the minor]," the enhancement should not have applied. *Id.* at 1001. This court rejected those arguments, upholding the enhancement. *Id.* at 1001–02.

Here, Vannausdle told a 13-to-14-year-old girl he wanted to have rough sex with her, including anal sex. He introduced the prospects of pain and using a sex toy. He requested pictures and videos. The child responded with pictures and videos of her penetrating her vagina and anus with a foreign object. This court's precedent "all but decides" the issue. *See **Vogelpohl***, 827 Fed. Appx. at 623 (Kelly, J., concurring).

\* \* \* \* \* \* \*

-3-

The judgment is affirmed.

GRASZ, Circuit Judge, concurring in the judgment.

I agree with the court that our precedent compels affirmance. This is especially true if the alleged error on appeal is categorized as a finding of fact (reviewed for clear error) rather than an erroneous application of the Guidelines (reviewed de novo). Because of this, I concur in the judgment. I write separately, though, to emphasize the need for en banc clarification of our precedent, as well as the need for the Supreme Court to provide guidance in this decidedly unpleasant and confused area of law.

The recent decision in *United States v. Vowels*, 159 F.4th 1095 (6th Cir. 2025), provides a useful overview of the bases for my concern about how § 2G2.1(b)(4)(A) is being applied. Such concern is not new — either nationally or in this circuit — and I believe it is time that it be addressed. *See, e.g.*, *United States v. Vogelpohl*, 827 F. App'x 621, 623 (8th Cir. 2020) (Kelly, J., concurring). Our earliest precedent in this area is not necessarily problematic. Rather, as I see it, the problem is that it has been extended beyond its foundational facts and applied with such a broad stroke that we now appear to have adopted a per se rule applying the four-level sadistic or masochistic sentencing enhancement any time an already-unlawful image depicts penetration, regardless of the facts. While determining on a case-by-case basis whether the enhancement under § 2G2.1(b)(4)(A) applies can require difficult and odious factual determinations, relying on a per se rule is inconsistent with our overarching precedent and basic principles of law for several reasons.

First, it is the government's burden to prove the applicability of sentencing enhancements. *See United States. v. Foard*, 108 F.4th 729, 736 (8th Cir. 2024). Adopting a per se rule for application of the four-level enhancement under § 2G2.1(b)(4)(A) relieves the government of this burden. Second, the plain meaning of the guideline text requires that the image must depict infliction of pain or involve violence, humiliation, or physical cruelty for the enhancement to apply. *See United*

*States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001) ("[T]he conduct portrayed is sufficiently painful, coercive, abusive, and degrading to qualify as sadistic or violent . . . ."); *accord United States v. Diaz*, 368 F.3d 991, 992 (8th Cir. 2004). This understanding of the meaning of "sadistic" has undergirded our precedent for many years, and it is sound. A per se rule diverges from this sound understanding. And third, determining whether an image depicts masochism or sadism for purposes of imposing the sentencing enhancement is an *objective* inquiry. *See United States v. Raplinger*, 555 F.3d 687, 694–95 (8th Cir. 2009); *see also United States v. Nesmith*, 866 F.3d 677, 680 (5th Cir. 2017) ("In line with the text, the six other circuits to consider this issue have held that the determination of whether the sadism enhancement applies is an objective inquiry."). A per se rule is incompatible with an objective inquiry.

This does not mean common sense cannot inform an objective determination. In fact, even if common sense results in the enhancement being applied almost uniformly, so long as the decision is made on a case-by-case basis using the established definitions of the terms set forth in the Guidelines, the enhancement may be applied without running afoul of either our earlier precedent or foundational law.

_____